STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHAEL LUCKS and ALAN H. GOLDBERG, Defendants-Appellants

NOS. 5564 and 5592

FEBRUARY 3, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., and CIRCUIT JUDGE FONG ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

Michael Lucks and Alan Goldberg were indicted and found guilty by a jury of unlawfully cultivating marijuana in violation of HRS § 329-5 (Supp. 1971).[1] From the judgment of the trial court they appeal.

### I. FACTS

The relevant facts are as follows: On June 8, 1972, narcotics officer Harvey Hee accompanied by Officer Bento, employees of the Honolulu Police Department, participated in the seizure of a number of marijuana plants, and the subsequent arrest of appellants Lucks and Goldberg.

On that date, apprised by an anonymous tip received by a fellow officer that marijuana was being grown in the backyard of 17 Ala Kimo Drive, Hee and Bento drove to the location, but were unable to view any of the alleged plants from the roadway. Stopping a mailman, Hee inquired as to whether there might not be some vantage point from which to observe the rear of 17 Ala Kimo. He learned that a private driveway leading to a home at 3320-A Nuuanu Pali Drive would offer him the desired access, since the backyard at 3320-A adjoined that of the yard under investigation.

The officers proceeded to Nuuanu Pali Drive and while driving slowly along the private drive past 3320-A Officer Hee

---

[1] HRS § 329-5 (Supp. 1971) provides in pertinent part:

§ 329-5 Additional acts prohibited; penalty. No person shall knowingly plant, cultivate, produce, manufacture, possess, have under his control, prescribe, administer, or compound any narcotic drug as defined by section 329-1 except as provided in this chapter. Any person found guilty of any of the foregoing acts shall be imprisoned at hard labor not more than five years for the first offense and imprisoned at hard labor not more than ten years for any subsequent offense; provided that, every person who possesses any marijuana, except as otherwise provided by law, shall be punished by imprisonment for not more than one year, or for not less than one year nor more than five years . . . .

claimed he observed from a distance of between sixty-five and seventy-five feet, with the aid of a pair of binoculars, what appeared to be marijuana plants.[2]

At this point the officers stopped their vehicle and turned into the residence at 3320-A. Hee walked to the front door of the two-story house and knocked on the upper door. Finding no one at home, he then tried the lower door, with the same result. Hee then proceeded to walk through the garage of 3320-A which opened onto the backyard, for the asserted purpose of seeing if the occupant was there. His intention, he explained at trial, was to obtain permission of the property owner at 3320-A to view the adjoining premises.

Although the yard was empty, Hee testified that he could hear people talking from the adjacent property. He walked to the fence and observed a man, later identified as Michael Lucks, watering three large, potted marijuana plants. Officer Hee also observed a man, later identified as Alan Goldberg, and heard him to say, apparently to Lucks, "You'd better leave the plants there. They need a lot of sun."

When questioned as to any obstructions between himself and the plants at the time he viewed them Hee explained there were high, untrimmed, unkept hedges, through which he had to look in order to view the marijuana plants. Hee described a moss rock fence, about three feet in height, covered with heavy brush and shielded by a Plumeria tree.[3]

Having seen the marijuana plants, the officers then drove back to Ala Kimo Drive, and for the first time learned that

---

[2] On the police officer's credibility in this regard the trial court noted:

. . . Officer Hee testified that he had viewed the marijuana plant, as he was seated in the vehicle, through binoculars[;] the Court has some serious question as to whether, in fact, the marijuana plant could be viewed from a seated position in the vehicle.

Therefore, the Court finds, as a matter of fact, that the marijuana plant could not be viewed from the roadway seated in the vehicle, with binoculars (Tr. 55).

[3] On Officer Hee's observations from the backyard of 3320-A, the court stated:

The second point of observation is just on the makai side of the stonewall, and the Court has also viewed the scene from that point. And the Court finds as a matter of fact that marijuana plants growing on the other side of that wall, which is the mauka side of that wall, in the property, which has been testified to as being 11 Ala Kimo Drive, the marijuana plant can be seen from that second point just makai of the stonewall.

they had been observing the backyard of 11 Ala Kimo, not that of 17 Ala Kimo.

While Officer Hee went to the front door, his partner proceeded to the backyard where he placed defendant Goldberg under arrest. Hee knocked on the front door, was admitted by Defendant Lucks and at that point placed Lucks under arrest.

Prior to the commencement of the proceedings below, the appellants moved the trial court to dismiss the indictment against them on the ground, *inter alia*, that the Hawaii Penal Code failed to define cultivation of marijuana as an offense, and therefore Section 101(2)(a) provided the appellants with a complete defense to the crime charged. They renew this contention on appeal, stating that the failure of the Code to expressly proscribe cultivation as an offense rendered the indictment below fatally defective, and therefore mandates that we reverse their conviction. For reasons hereinafter expressed we find the appellants' argument unpersuasive. However, based on our review of the record, we hold that there was insufficient evidence to convict defendant Alan Goldberg of the crime charged and are thus compelled to reverse his conviction. As to defendant Michael Lucks, we affirm the conviction.

## II. HAWAII PENAL CODE SECTION 101

Hawaii Penal Code Section 101 provides in pertinent part:

Sec. 101 — Applicability to offense committed before the effective date.

(1) Except as provided in subsections (2) and (3), this Code does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Code were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

(2) In any case pending on or commenced after the effective date of this Code, involving an offense committed before that date:

(a) Upon the request of the defendant a defense or mitigation under this Code, whether specifically provided for herein or based upon the failure of the Code to define an applicable offense, shall apply;[4]

In the case at bar the indictment was presented and filed on July 12, 1972, and the trial commenced on August 6, 1973. Consequently at a threshold level Section 101 is applicable.

The opening sentence of this section announces its general purpose which is that "[p]rosecutions for offenses committed before the effective date are governed by the prior law . . . ." The relevant exception in the case presently before us is subsection (2) which may be invoked at the request of the defendant without leave of the court. *Cf.* Hawaii Penal Code Section 101(2)(a). By way of invocation of this subsection the defendant may assert, either to defend or to mitigate the charge against him, any relevant provision prescribed for, or *"based upon the failure of the Code to define an applicable offense."* With this language as a foundation, the appellants contend that the failure of the Hawaii Penal Code to define an applicable offense, *i.e.*, cultivation of marijuana, results in a complete defense to the charge.

We view the term "applicable offense" as described in Penal Code Section 101(2)(a) to mean an offense that is applicable to a given set of factual circumstances that make up a criminal act. Surely from the standpoint of consistency there can be no doubt but that the planting and growing of marijuana is at least as pernicious as is possession of a single marijuana cigarette. One cannot say that the failure to proscribe cultivation per se under the new Code evidences a legislative intent to allow the planting and growing of marijuana inasmuch as the legislature has continued to forbid the possession of marijuana. Hawaii Penal Code §§ 1247 *et seq.* The result of failing to proscribe cultivation per se is only that charges stemming from such conduct must now be brought pursuant to §§ 1247 *et seq.* pertaining to possession; the gravity of the crime charged now turns on the amount and

---

[4] The Hawaii Penal Code has not been published in its entirety in the supplement to Hawaii Revised Statutes, but the text of the Hawaii Penal Code may be found in Act 9, S.L.H. 1972, pp. 32-142.

nature of the contraband possessed. Thus it cannot be said that the Hawaii Penal Code fails to define an "applicable offense," and for this reason Hawaii Penal Code Section 101(2)(a) does not provide the defendants with a complete defense to the crime charged.

### III. APPELLANT — GOLDBERG

However, the evidence adduced at trial was insufficient to convict defendant Goldberg of cultivation. The crime of cultivation contemplates two elements. The first is the exercise of dominion or control over the plants themselves, *i.e.*, actual or constructive possession. The second element relates to the care and attention given to plants so as to promote their growth. His solitary remarks, "You'd better leave the plants there; they need a lot of sun," overheard by the police officer, in and of themselves, do not make out a sufficient factual foundation of the crime charged.[5] While such admonition could be construed as an offering of advice designed to promote the growth of the plants, there is completely absent any showing of possession, constructive or actual, necessary to make out the second requisite element of the offense.

### IV. APPELLANT — LUCKS

Defendant Lucks, on the other hand, was viewed by Officer Hee watering three potted marijuana plants. Such activity demands the conclusion that Lucks was attempting to promote the growth of the plants through the care and attention he displayed, and that such action constituted at least the exercise of constructive possession over the foliage. Moreover, he had separately potted each of the six plants and at least two of them had grown to a height of close to six feet. The record fully supports a finding of guilt as to defendant Lucks

---

[5] This case was not presented to the jury on the theory of aiding and abetting an offense. *See* Hawaii Penal Code, Sections 221-222. And even if it had, the spoken words under the circumstances as shown by the evidence must be capable of lending themselves to the compelling inference that they were in aid of the commission of the offense.

to the charge of cultivation. We have considered appellant Lucks' other contentions of error relative to the search and seizure and conclude that they are without merit.

V

We reverse the conviction of defendant Alan Goldberg, and affirm the conviction of defendant Michael Lucks.

*Paul DiBianco* for defendant-appellant Alan H. Goldberg.

*Brook Hart* and *William S. Hunt (Hart Leavitt & Hall)* for defendant-appellant Michael Lucks.

*Adrienne Sepaniak,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with her on the brief) for plaintiff-appellee.